UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| MICHAEL SEAN SPEIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMANDA KAELBLEIN, | ) | Case No. 1:24-cv-00055-LM-AJ |
| MICHAEL KAELBLEIN, | ) | |
| NANCY KAELBLEIN, | ) | |
| JUDGE GEORGE PHELAN, and | ) | |
| ERIC STEPHAN[1], | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS JUDGE GEORGE PHELAN AND ATTORNEY ERIC STEPHAN'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

*Pro se* Plaintiff Michael Speight appears to assert claims for alleged constitutional violations and emotional distress against Defendant Judge George Phelan, an Associate Justice of the Massachusetts Probate and Family Court, and Defendant Eric Stephan, an Attorney for the Massachusetts Department of Revenue ("DOR"), arising out their alleged actions in a child support case filed against Speight in Massachusetts.  Speight's Complaint should be dismissed for several reasons.  First, all of Speight's claims against Judge Phelan and Attorney Stephan, whether in their official or individual capacities, and whether for damages or injunctive relief, are barred by the *Rooker-Feldman* doctrine.  Second, Speight's claims for damages or retrospective injunctive relief against Judge Phelan and Attorney Stephan in their official capacities are barred by the Eleventh Amendment.  Finally, even if Speight could surmount those jurisdictional hurdles, his claims for damages against Judge Phelan and Attorney Stephan in their

---

[1] This Defendant's name is misspelled "Eric Stephanie" in Plaintiff's Complaint.

1

individual capacities are barred by absolute immunities.

## FACTS ALLEGED[2]

Speight is the father of a six-year-old autistic child, V.S., and Defendant Amanda Kaelblein ("Amanda") is the mother of V.S.  Compl. ¶ 1.  Speight alleges that Amanda "conspired" with Attorney Stephan to put a child support order in place against him on November 3, 2022.  Compl. ¶ 3.  Amanda allegedly "misrepresented the truth" in Derry, New Hampshire Family Court to get Speight's parenting petition dismissed on November 15, 2022.  Compl. ¶ 4.  After Amanda allegedly declined a restraining order against Speight on May 28, 2022, her three attempts to get further retraining orders against him were allegedly denied, but thereafter, she received a harassment prevention order against him allegedly "on advice from [Attorney Stephan]."  Compl. ¶ 5.

Speight further alleges that on May 28, 2022, Amanda left New Hampshire with V.S. and went to Massachusetts without his permission, and that Amanda is inflicting emotional and mental abuse on V.S. because of his parental alienation.  Compl. ¶¶ 5-6.   Defendant Michael Kaelblein ("Michael") allegedly told Speight he would never see his child again, and Michael allegedly "conspired and funded [Amanda's] campaign."  Compl. ¶¶ 7-8.  Defendant Nancy Kaelblein ("Nancy") allegedly "misrepresented the truth in Derry Family Court on November 15, 2022," and Nancy allegedly "conspired with [Michael and Amanda] to alienate [Speight] from his child."  Comp. ¶¶ 9-10.

Speight further alleges that Judge Phelan "abused his discretion by placing a temporary order in place when he knew there was an ongoing custody/child support case in Derry Family Court, and the minor child wasn't in Massachusetts 6 months yet."  Compl. ¶ 12.  Judge Phelan

---

[2] The facts alleged in the Complaint are taken as true only for purposes of a motion to dismiss.

2

allegedly "was dishonest in his order he put in place on January 15, 202[3] to cover his and [Attorney Stephan's] actions." Compl. ¶¶ 12-13. According to the public docket, on January 17, 2023, Judge Phelan issued a Judgment against Speight on DOR's Complaint to Establish Support Pursuant to Mass. Gen. Laws ch. 209C. *See DOR, on behalf of Kaelblein v. Speight*, Middlesex Probate and Family Court, Docket No. MI22W1174WD, Dkt. 20.[3]

Speight alleges that Judge Phelan violated his constitutional rights "by placing a temporary order on [him] and lacked jurisdiction over the minor child." Compl. ¶¶ 14-15. Speight also alleges that Attorney Stephan "was aware there was an ongoing custody case in New Hampshire and still set a date for a hearing which is against Massachusetts laws," and that Attorney Stephan "had conversations with [Amdanda's] Attorney Michael Ryan about New Hampshire continuously exercising jurisdiction over custody and child support." Compl. ¶¶ 16-17. Attorney Stephan allegedly withheld Speight's New Hampshire parenting petition from Judge Phelan, and Attorney Stephan allegedly put a full child support order in place to get Speight's New Hampshire parenting petition dismissed. Compl. ¶¶ 18-19.

Against Judge Phelan, Speight requests "5 million dollars" for "violating his constitutional rights that are guaranteed as a parent" and also requests "Massachusetts to inform all Probate Judges when there are no allegations of abuse or neglect to order visitation right away and stop parental alienation, and stop protecting the parents that do it." Compl., Relief ¶ 4. Against Attorney Stephan, Speights requests "5 million dollars" "for breaking laws by placing a full [child support] order without a judge's order to put that order in, for being dishonest withholding the [New Hampshire] parenting petition from Judge Phelan" and also requests that

---

[3] "A court may consider matters of public record in resolving a Rule 12(b)(6) motion to dismiss," including "documents from prior state court adjudications." *Giragosian v. Ryan*, 547 F.3d 59, 66 (1st Cir. 2008).

3

Attorney Stephan "be terminated from Massachusetts." Compl., Relief, ¶ 5.

## LEGAL STANDARD

Because the *Rooker-Feldman* and Eleventh Amendment defenses go to this Court's jurisdiction, they are properly resolved under Fed. R. Civ. P. 12(b)(1). *See Efreom v. McKee*, 46 F.4th 9, 16 (1st Cir. 2022), *cert. denied*, 143 S. Ct. 576 (2023) (reviewing *Rooker-Feldman* doctrine under Rule 12(b)(1)); *Mills v. State of Maine*, 118 F.3d 37, 41 (1st Cir. 1997) (reviewing Eleventh Amendment challenge under Rule 12(b)(1)). Under Rule 12(b)(1), a defendant can challenge jurisdiction by challenging the complaint on its face, and such a facial attack accepts the plaintiff's "version of jurisdictionally-significant facts as true and addresses their sufficiency, thus requiring the court to assess whether [he] has propounded an adequate basis for subject-matter jurisdiction." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).

On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a plaintiff has met this burden, [the Court] accept[s] the complaint's well-pleaded facts as true and indulge[s] all reasonable inferences in the plaintiff's favor." *Borrás-Borrero v. Corporación del Fondo del Seguro del Estado*, 958 F.3d 26, 33 (1st Cir. 2020). However, "threadbare" allegations, "naked assertion[s]" devoid of "further factual enhancement," "bald assertions, and unsupportable conclusions" should be disregarded. *Twombly*, 550 U.S. at 557.

## ARGUMENT

**I.  All of Speight's claims against Judge Phelan and Attorney Stephan, whether in their official or individual capacities, and whether for monetary damages or injunctive relief, are barred by the *Rooker-Feldman* doctrine.**

Speight's claims against Judge Phelan and Attorney Stephan, whether in their official or

4

individual capacities, and whether for monetary damages or injunctive relief, are barred because the *Rooker-Feldman* doctrine prevents a federal district court from reviewing the Massachusetts child support Judgment against Speight. "Under the *Rooker-Feldman* doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Tyler v. Supreme Jud. Ct.*, 914 F.3d 47, 50 (1st Cir. 2019), quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "*Rooker-Feldman* bars jurisdiction whenever parties who lost in state court seek review and rejection of that judgment in federal court." *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (internal citations and alterations omitted). Regardless of the relief sought, the *Rooker-Feldman* doctrine applies where "the district court would have to declare that the state court wrongly decided" the underlying claim in the state court action. *Silva v. Massachusetts*, 351 F. App'x 450, 456 (1st Cir. 2009) (plaintiffs' claims for injunctive and declaratory relief, as well as their claims for damages, were all barred by *Rooker-Feldman*). "The *Rooker-Feldman* doctrine applies, depriving this court of jurisdiction, if the relief the plaintiff seeks would effectively overturn the state court judgment." *Brochu v. Foley*, 2021 WL 2109659 at *3 (D.N.H. 2021), citing *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 33 (1st Cir. 2004). In *Brochu*, this Court held that the plaintiff's Section 1983 claims against two state court judges and a state judicial referee were barred by the *Rooker-Feldman* doctrine where he alleged that their "orders requiring him to pay child support, along with their actions related to those orders, violated his Fourteenth Amendment rights." *Brochu*, 2021 WL 2109659 at *3

As in *Brochu*, in this case, Speight's claims are barred by the *Rooker-Feldman* doctrine because he alleges that Judge Phelan and Attorney Stephan took alleged actions during his child support case in Massachusetts that resulted in Judge Phelan issuing a child support Judgment against him in that case in January 2023. *See* Compl. ¶¶ 12-19; *DOR, on behalf of Kaelblein v.*

*Speight*, Docket No. MI22W1174WD, Dkt. 20.  "For [Speight] to succeed, [this Court] necessarily would have to find that the [Massachusetts child support Judgment] and/or [Judge Phelan's and Attorney Stephan's] alleged actions that led to the [Judgment] violated his [constitutional] rights."  *Brochu*, 2021 WL 2109659 at *3.  Therefore, because Speight seeks to "effectively overturn" the Massachusetts child support Judgment, *id.* at *2, his claims against Judge Phelan and Attorney Stephan, whether in their official or individual capacities and whether for monetary damages or injunctive relief, are barred by the *Rooker-Feldman* doctrine.

II. **Speight's claims for damages or retrospective injunctive relief against Judge Phelan and Attorney Stephan in their official capacities are barred by the Eleventh Amendment.**

The Eleventh Amendment bars Speight from seeking damages or retrospective injunctive relief from Judge Phelan and Attorney Stephan in their official capacities.  Under the Eleventh Amendment: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  "Long interpreted as an affirmation of state sovereign immunity" the Eleventh Amendment "bar[s] a citizen from bringing a federal court action against [a] State," *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 48 (1st Cir. 2003), including state officials sued in their official capacities, *see Mills*, 118 F.3d at 54.  "The Supreme Court has long held that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'"  *Tringali v. Mass. Dept. of Transitional Assistance*, 2012 WL 5683236 at *3 (D.N.H. 2012), quoting *Edelman v. Jordan,* 415 U.S. 651, 662-663 (1974).  "This immunity extends to arms of the state, and state officers to the extent they are sued in an official capacity, and the plaintiff is seeking damages and other forms of retrospective relief."  *Tringali*, 2012 WL 5683236 at *3 (internal

6

citations and quotations omitted). Accordingly, the Eleventh Amendment bars Speight from seeking damages or retrospective injunctive relief from Judge Phelan and Attorney Stephan in their official capacities.

### III. Speight's claims for damages against Judge Phelan in his individual capacity are also barred by absolute judicial immunity, and his claims for damages against Attorney Stephan are also barred by absolute prosecutorial immunity.

Finally, even if Speight could surmount the *Rooker-Feldman* and Eleventh Amendment bars, Judge Phelan, in his individual capacity, is entitled to absolute judicial immunity from Speight's claims for damages, and Attorney Stephan, in his individual capacity, is entitled to prosecutorial immunity from Speight's claims for damages. *See Coggeshall v. Mass. Bd. of Reg. of Psychologists*, 604 F.3d 658, 663 (1st Cir. 2010) (holding that quasi-judicial immunity barred claims for damages in board members' individual capacities); *Bettencourt v. Mass. Bd. of Reg. in Med.*, 904 F.2d 772, 785 (1st Cir. 1990) (same).

Judge Phelan is immune from Speight's claims. "[J]udges have 'absolute immunity from civil liability for any normal and routine judicial act,' regardless of the legal theory behind any particular claim." *Hassell v. Kimbark*, 2024 WL 1007843 at *3 (D.N.H. 2024), quoting *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). "'[Judicial] immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive.'" *Id.* "For the soundest reasons of policy it has long been established that when a judge has general jurisdiction over the subject matter he is not civilly liable for acts done in the exercise of his judicial function." *Sullivan v. Kelleher*, 405 F.2d 486, 487 (1st Cir. 1968). Speight asserts claims against Judge Phelan based on the routine judicial act he took in entering a child support Judgment against him in Massachusetts. *See* Compl. ¶¶ 12-15. Although Speight alleges that Judge Phelan "lacked jurisdiction," Compl. ¶ 15, Judge Phelan, as an Associate

7

Justice of the Probate and Family Court, plainly had "general jurisdiction over the subject matter," *Sullivan*, 405 F.2d at 487, of child support. *See* G.L. c. 215, § 4 (Probate and Family Court "shall have exclusive original jurisdiction . . . of actions relative to the care, custody, education and maintenance of minor children"). Accordingly, Speight's claims against Judge Phelan are barred by absolute judicial immunity.

Attorney Stephan is also immune from Speight's claims. "The Supreme Court recognizes absolute immunity to protect 'the prosecutor when serving as an advocate in judicial proceedings.'" *Wilson v. Brock*, 2002 WL 1676287 at *5 (D.N.H. 2002), quoting *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997). "In appropriate circumstances, prosecutorial immunity extends to agency officials performing prosecutorial functions." *Wilson*, 2002 WL 1676287 at *5, citing *Butz v. Economou*, 438 U.S. 478, 515 (1978). "State officials and agency employees have been held to be absolutely immune for actions taken within a prosecutorial function in child welfare and support proceedings." *Wilson*, 2002 WL 1676287 at *5. "Immunity is available, however, only when the prosecutor is performing functions that require prosecutorial discretion and does not extend to functions that are merely administrative or investigative." *Id.* Speight's claims are aimed at the discretionary prosecutorial functions that Attorney Stephan performed in filing and prosecuting a child support Complaint against him in Massachusetts. *See* Compl. ¶¶ 16-19. Accordingly, Speight's claims against Attorney Stephan are barred by absolute prosecutorial immunity.

## CONCLUSION

For the foregoing reasons, this Court should dismiss all of Speight's claims against Judge Phelan and Attorney Stephan.

JUDGE GEORGE PHELAN, in his individual capacity and his official capacity as Associate Justice of the Massachusetts Probate and Family Court, and
ERIC STEPHAN, in his individual capacity and his official capacity as an Attorney for the Massachusetts Department of Revenue

By their Attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL


*/s/ Eric A. Martignetti*
Eric A. Martignetti, NH Bar No. 20118
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 963-2314
eric.martignetti@mass.gov

Date: May 21, 2024

## CERTIFICATE OF SERVICE

I, Eric A. Martignetti, hereby certify that on May 21, 2024, this document was filed through the ECF system and sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and by first-class mail to non-registered participants.

*/s/ Eric A. Martignetti*
Eric A. Martignetti