

## Commonwealth of Massachusetts
## The Trial Court
## Probate and Family Court Department

Division Middlesex                    Docket No. MI22W1174WD

# JUDGMENT OF SUPPORT
on Long Arm Complaint to Establish Support Pursuant to G.L. c. 209C filed on

Massachusetts Department of Revenue
Child Support Enforcement Division
on behalf of

<u>Amanda Christine Kaelblein</u>          , Plaintiff  v.  <u>Michael Sean Speight</u>          , Defendant

After hearing, all persons having been notified in accordance with the law, and ● plaintiff, ● defendant, ● counsel for DOR, ○ counsel for plaintiff, ○ counsel for defendant, ○ interpreter/G.A.L./DCF/P.O. having appeared today it is hereby **ORDERED** and **ADJUDGED**:

1. ○ The parties are ordered to comply with the Stipulation or Agreement dated _____ which is filed, incorporated, and merged into this Judgment but shall have no independent legal significance.

2. ● The ~~Mother~~/ Father shall pay current child support in the amount of $_____228.00_____ per week ~~/month~~ by income assignment effective _____January 6th_____, 20_23_. This child support amount is for _1_ ~~children, the child in this case, and the child(ren) in the case(s) with the following docket number(s):~~
   _____.

3. ○ The Mother / Father is ordered to maintain MassHealth (or an equivalent program in another state) for the child.
   ○ The Mother / Father must notify DOR (or the other parent if DOR is not providing services) if private health care coverage for the child becomes available to the parent.
   ● The Mother /~~Father~~ is ordered to maintain/obtain private health care including ○ dental ○ vision coverage for the child.
   ○ The child is presently receiving MassHealth (or an equivalent program in another state). The court finds that it is in the best interest of the child and does not create an undue hardship on the parties for Mother / Father to obtain private health care coverage for the child.

4. ● The obligation to pay current child support and provide health insurance for the child(ren) ends on the child(ren)'s
   ○ 18th  ● 21st  ○ 23rd  birthday or on ○ _____ unless ordered otherwise.

5. ○ _____
   _____
   _____
   _____
   _____
   _____

_____1/17/2023_____                    /s/ Hon. George F. Phelan
        Date                    Justice of the Middlesex Probate and Family Court

**Obligation To Notify DOR:** As long as there is a support order, both parties must notify DOR (at 800-332-2733) of any change in: residential or mailing addresses; phone number; driver's license number; Social Security number; or name, address, or phone number of employer.

F70719   03/20        49662751                Page 1 of 1

3

COMMONWEALTH OF MASSACHUSETTS

TRIAL COURT

PROBATE AND FAMILY COURT DEPARTMENT

Middlesex County                                        Docket Number MI 22W1174

**Massachusetts Department of Revenue**

**o/b/o Amanda Kaelblein, Plaintiff ("Mother")**

**v.**

**Michael Speight, Defendant ("Father")**

## JUDGMENT RATIONALE

### AFTER D.O.R. CASE CONFERENCE HEARING ON January 5, 2023

On November 3, 2022 at 10:49 AM and by "Zoom", the court heard this case at which appeared the parties (both self - represented) and counsel for the Massachusetts Department of Revenue ("DOR"). All appeared by telephone call through the "Zoom application". Never married to each other, the parties have one minor child together who at time of hearing was about five years old.

Father failed to file a financial statement for the hearing. Thus, his third quarter of 2022 income as reported to DOR was used to calculate a support amount. Based on the parties' respective gross average weekly incomes (mother at $1,326 and father at $1,140) child support guidelines calculation yielded a weekly support amount of $228 which father agreed to pay.

The court notes that after father disregarded court instructions to stop interrupting, he was put on mute at 10:58 AM but he was able to hear the proceeding.

Later, father informed the court that he did side work for other union members for which he was paid cash. The court finds that father was not credible with respect to his claim that he had only earned about $2,000 or $3,000 on what he

1

4

represented to be side jobs for union members. Father claimed that he had been unemployed for a period of three weeks because his work is seasonal.

During the hearing, the parties disputed whether Massachusetts or New Hampshire was the appropriate jurisdiction for this child support case. Mother claimed her residence with the minor child was in Massachusetts

Father claimed the mother had resided in New Hampshire. Father further claimed that he had filed a case in the New Hampshire courts involving not only custody of the child but child support. He claimed there was a court date scheduled in New Hampshire for November 15, 2022.

Mother disputed the father had requested the New Hampshire Court address the issue of child support. At this point in the hearing, DOR counsel informed the court that he had spoken with an attorney representing father regarding the jurisdictional issue.

Father agreed to pay $228 per week guideline amount but he wanted to pay directly to mother and not through the DOR.

At 11:19 AM the court was compelled to put both parties on mute for talking over each other as well as the judge.

DOR counsel suggested a suspended wage assignment for father's payment of child support.

Mother disputed father's claim she was not a Massachusetts resident for purposes of custody and child support as of the date of the November 3, 2022 hearing. The hearing concluded at 11:26 AM.

After assessing the parties' information, the court concluded that a temporary order was appropriate given father's information that there was a November 15, 2022 New Hampshire Court hearing regarding the parties and the minor child.

On January 5, 2023 at 12:08 PM both parties as well as the same DOR counsel appeared by Zoom for further hearing. The parties were self-represented. Mother appeared by video, father by telephone. The same DOR counsel informed the court that father's New Hampshire case had been dismissed and that the New Hampshire judge found that jurisdiction of the parties and the subject matter

belonged in Massachusetts. The court again had to caution father against interrupting and disrupting the hearing.

The court was informed by DOR that father had made three out of nine payments due since the previous hearing at the rate of $228 as ordered.

Father informed the court that the New Hampshire Supreme Court had taken on the case and he claimed that that court issued what he described as an "order" to mediate the case. This was based on father's November 17, 2022 appeal of the New Hampshire lower court decision.

Father requested that DOR counsel be fired in part because DOR had debited his unemployment benefit although the court's order of November 3, 2022 had not ordered a wage assignment debit. Those direct debits occurred on November 3 and November 10.

The court learned that there was a chapter 258 anti-harassment order in favor of mother against father.

The court had not yet reviewed documents submitted by DOR with respect to the New Hampshire lower court case decision and the Supreme Court. The court gave father an opportunity to submit his own documentation regarding what happened at the New Hampshire trial court and the New Hampshire Supreme Court. The court gave to father the email address of the court's coordinator of the DOR Zoom hearings and gave him the opportunity to send his documents by way of attachments. As the hearing concluded at 12:37 PM, father informed the court, DOR counsel, and mother that there was a "reporter listening in" who will be writing international publication about his case.

The court subsequently reviewed approximately 41 pages of documents submitted as attachments by father. From those documents the court learned as follows:

    a. On June 3, 2022 father filed a "parenting petition" in a New Hampshire trial court where he requested orders regarding a parenting plan, custody, and "child-support obligations". On the petition father indicated mother's residence address to be in Melrose, Massachusetts. The court form petition contained the following sentence: "the continuous presence of the child/ren in New Hampshire for six (6) months is not the only basis for

3

6

jurisdiction." Father alleged that he, mother and the minor child resided in "Derry" between "2021 – 2022". Father acknowledged that he had participated in a case involving the child in Massachusetts and that a court order had been issued in "2018". Father indicated his residential address to be in Derry, New Hampshire.

b. In his statement he wrote in connection with his "motion for exemption from electronic filing", father claimed that the minor child lived in Derry, New Hampshire for "six days shy of a year".

c. On July 21, 2022 the New Hampshire lower court (10th circuit family division) had denied mother's motion to have the case dismissed/moved to Massachusetts.

d. On November 15, 2022 the same court, after hearing testimony from both parties, issued findings and order dismissing father's parenting petition filed in New Hampshire "for lack of jurisdiction". In that decision, the court wrote "that the child is the subject of a Massachusetts child support order that is still pending in Massachusetts." The court also noted that "there is a child-support action pending in Massachusetts". The court concluded that "the child is and always has been a resident of Massachusetts".

e. On November 16, 2022 father filed a "Rule 7 notice of mandatory appeal" of the 10th circuit dismissal.

f. In an undated "Motion for ex parte emergency visitation, due to the fact the court was given false information under oath, and the temporary child support order was vacated out of Massachusetts due to no jurisdiction on December 1, 2022", father purposefully twisted the court's direction during the November 3, 2022 hearing. He also purposefully twisted the court's statements when he wrote that the court had "vacated the temporary order for child support admitting Massachusetts has no jurisdiction over custody or child-support".

g. In an undated "motion to dismiss an illegal child-support order set in place Nov. 3, 2022 by Judge Phelan", father purposefully twisted the court's statements when he wrote that "Judge Phelan stated he was going to dismiss it once received the paperwork". The court made no such statement.

h. In an undated "motion to dismiss child-support hearing on January 5, 2023", at paragraph 4 therein father wrote "Massachusetts should not get involved

4

7

      until the New Hampshire Supreme Court makes a decision on jurisdiction." This court treats that statement by father as his request to defer action while awaiting the New Hampshire Supreme Court decision.

i. In another undated document, apparently addressed to the "Supreme Court of New Hampshire", father wrote that "Massachusetts vacated a temporary child support order, and is holding a temporary order for Michael to pay Amanda directly till New Hampshire Supreme Court rules on jurisdiction". This court has made no such ruling.

j. On December 16, 2022, the New Hampshire State Supreme Court acted regarding father's appeal. The Supreme Court allowed his motion to waive the filing fee and denied his motion for exemption from electronic filing. The Supreme Court accepted the filing of the case but made no substantive ruling. The Supreme Court noted "this case appears to be eligible for mediation". The Supreme Court also noted that for mediation to occur "the agreement of all parties is required". The Supreme Court ordered father to submit the completed appellate mediation agreement form on or before January 3, 2023.

Father wants this court to believe and he declared to the court that the New Hampshire Supreme Court had "ordered" mediation. It did not.

The court concludes the father's representations to the court regarding the New Hampshire State Supreme Court's action were purposefully misleading.

The court DENIES father's request to defer further child support orders until action by the New Hampshire Supreme Court.

**JUDGMENT:**

Father shall continue to pay child support to mother in the agreed amount of $228 per week, but by wage assignment through the Massachusetts Department of Revenue.

*George F. Phelan (electronic signature)*　　　　　*17 January 2023*

George F. Phelan, Judge (recall)

Probate and Family Court

5

8