UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| MICHAEL SEAN SPEIGHT,<br><br>        Plaintiff,<br><br>v.<br><br>AMANDA KAELBLEIN,<br>MICHAEL KAELBLEIN,<br>NANCY KAELBLEIN,<br>JUDGE GEORGE PHELAN, and<br>ERIC STEPHAN,<br><br>        Defendants. | Case No. 1:24-cv-00055-LM-AJ |

**DEFENDANTS MICHAEL KAELBLEIN AND NANCY KAELBLEIN'S OBJECTION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST AMANDA KAELBLEIN, MICHAEL KAELBLEIN, AND NANCY KAELBLEIN UNDER RULE 55(A) FOR FAILURE TO STATE A DEFENSES AND OBJECTION**

Defendants Michael Kaelblein and Nancy Kaelblein hereby object to Plaintiff's Motion For Default Judgment Against Amanda Kaelblein, Michael Kaelblein, And Nancy Kaelblein Under Rule 55(A) For Failure To State A Defenses And Objection. In support of this Objection, Defendants state as follows:

### I. Factual Background

1. Defendants Michael Kaelblein and Nancy Kaelblein (hereinafter, MK AND NK) were served on or about April 24, 2024 with Plaintiff's Summons in a Civil Action. Affidavit Of Defendants MK and NK (hereinafter, "Aff.") at ¶ 3.

2. However, that Summons did *not* include the Plaintiff's Complaint in this case. MK and NK therefore had no way to respond to same and believed they had no obligation to do

so. Id. at ¶¶ 3-4. Because of the inadequate service effectuated by Plaintiff, Defendants MK and NK (who were unrepresented in this matter at that time) believed they had not obligation to respond to a document they had not received. Id. at ¶ 4. An extension of time is therefore warranted due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

3. On or about May 30, 2024, Defendants MK and NK received Plaintiff's Motion for Default Judgment. Aff. at ¶ 5.

4. Defendants MK and NK promptly took steps to identify and retain counsel. Id. at ¶ 6. On June 5, 2024, they retained undersigned counsel to represent them in this matter. Id.

II. **No Default Judgment Should Enter Against Defendants Michael and Nancy Kaelblein**

5. Plaintiff's Motion for Entry of Default Judgment should be denied for good cause shown. See Fed. R. Civ. P. 55(c). The Court generally considers three factors in determining whether good cause exists to set aside a default: (1) "whether the default was willful," (2) "whether setting it aside would prejudice the adversary," and (3) "whether a meritorious defense is presented." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). Those same factors should be applied to determine whether a default should enter based on Plaintiff's Motion.

6. First, Defendants MK and NK did not willfully fail to respond as they were not properly served with the Complaint and were therefore led to believe there was nothing to which their response was required. See Aff. at ¶¶ 3-4. Immediately upon receiving Plaintiff's Motion for Default, when they realized a response was required, they consulted with attorneys to prepare a response. See Aff. at ¶¶ 6.

7. Second, no prejudice will result from setting aside the default or denying Plaintiff's Motion for Default. This case remains in its earliest stages, as the Court considers the Motion to Dismiss filed by two other Defendants and, to the best of MK and NK's knowledge,

no discovery has been exchanged and no trial date has been scheduled. No prejudice would therefore result from allowing MK and NK additional time to respond to Plaintiff's Complaint.

8. Third, upon a cursory first review of the Complaint, Defendants MK and NK have meritorious defenses, including, but not limited to, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(4), (5), & (7).

**WHEREFORE**, Defendants Michael Kaelblein and Nancy Kaelblein respectfully request that this Court:

A. DENY Plaintiff's Motion For Default Judgment Against Michael Kaelblein, And Nancy Kaelblein Under Rule 55(A) For Failure To State A Defenses And Objection; and

B. GRANT such other and further relief as may be just and equitable.

Respectfully submitted,
Michael Kaelblein and Nancy Kaelblein
By their Attorneys
Welts, White & Fontaine, P.C.

Date: 06/07/24

By: /s/ Nicole Fontaine Dooley
Nicole Fontaine Dooley, Esq.
NH Bar No. 266186
29 Factory St./P.O. Box 507
Nashua, NH 03061-0507
(603) 883-0797
nfontainedooley@lawyersnh.com

CERTIFICATE OF SERVICE

I, Nicole Fontaine Dooley, hereby certify that on June 7, 2024, this document was filed through the ECF system and sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and by first class mail to non-registered participants.

/s/ Nicole Fontaine Dooley
Nicole Fontaine Dooley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| MICHAEL SEAN SPEIGHT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMANDA KAELBLEIN,<br>MICHAEL KAELBLEIN,<br>NANCY KAELBLEIN,<br>JUDGE GEORGE PHELAN, and<br>ERIC STEPHAN,<br><br>　　　　Defendants. | Case No. 1:24-cv-00055-LM-AJ |

**AFFIDAVIT OF DEFENDANTS MICHAEL KAELBLEIN AND NANCY KAELBLEIN IN SUPPORT OF THEIR MOTION TO EXTEND THE TIME TO FILE A MOTION TO DISMISS OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND/OR TO SET ASIDE ENTRY OF DEFAULT**

We, Michael Kaelblein and Nancy Kaelblein, having been duly sworn, make this affidavit in support of our Motion to Extend the Time to File a Motion to Dismiss or Otherwise Respond to Plaintiff's Complaint and/or to Set Aside Entry of Default:

1.　　We are Defendants in this matter.

2.　　We are fully familiar with the facts set forth in this affidavit and make each statement contained herein based upon our own personal knowledge or upon review of the files in our possession.

3.　　We were served on or about April 24, 2024 with Plaintiff's Summons in a Civil Action.

4.     However, the Summons we were served with did *not* include the Plaintiff's Complaint in this case. We had no way to respond to same and believed we had no obligation to do so.

5.     On or about May 30, 2024, we received Plaintiff's Motion for Default Judgment.

6.     We promptly took steps to identify and retain counsel. On June 5, 2024, we retained Attorney Nicole Fontaine Dooley as counsel to represent us in this matter.

Date: June 6, 2024

/s/ Michael Kaelblein

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF Middlesex

Subscribed and sworn to before me this 6th day of June, 2024.

Notary Public/Justice of the Peace

Elaine K. Welch
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
February 05, 2027

Date: June 6, 2024

/s/ Nancy Kaelblein

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF Middlesex

Subscribed and sworn to before me this 6th day of June, 2024.

Notary Public/Justice of the Peace



Elaine K. Welch
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
February 05, 2027