**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Michael Sean Speight

     v.                          Case No. 24-cv-055-LM

Amanda Kaelblein et al.


**ORDER**

Plaintiff Michael Sean Speight, appearing pro se, has sued the mother of his minor child (Amanda Kaelblein), her parents (Michael and Nancy Kaelblein), and Massachusetts Department of Revenue attorney Eric Stephan, based on their alleged actions during child custody proceedings in Massachusetts and New Hampshire.[1] Plaintiff seeks monetary damages from the Kaelbleins and both monetary and non-monetary relief from Attorney Stephan. Mr. Speight has invoked diversity of citizenship as a basis for subject matter jurisdiction. See 28 U.S.C. § 1332.

Several motions have been referred to the undersigned Magistrate Judge pursuant to LR 72.1 and 28 U.S.C. § 636(b)(1). The most recently-filed of these motions is Mr. Speight's motion to transfer venue, (Doc. No. 45), which he bases on a potential

---

[1] Mr. Speight also sued Massachusetts Family and Probate Court Judge George Phelan, but voluntarily dismissed Judge Phelan from the case. (Doc. No. 38).

for this court's lack of personal jurisdiction over some of the
defendants.  As explained more fully below, the court grants Mr.
Speight's motion to transfer venue to the District of
Massachusetts.

## Factual Allegations

Mr. Speight alleges that he is the father of a minor child
with Amanda Kaelblein, who "conspired with" the other defendants
" to . . .  ruin[] his] relationship with his daughter . . . ."
Compl. (Doc. No. 1)  ¶ 1. He claims that Amanda Kaelblein
"inflected (*sic*) emotional and mental abuse on plaintiff," by
"conspir[ing] with  [Defendant Eric Stephan] to get an illegal
child support order," and "misrepresented the truth in Derry
Family Court to get the [his] parenting petition dismissed."[2] He
further claims that "Amanda Kaelblein, on May 28, 2022, left New
Hampshire with the minor child and went to Massachusetts without
permission from the plaintiff." Id. ¶ 5. He further asserts
that, after Amanda Kaelblein declined a restraining order
against Mr. Speight on May 28, 2022, three later attempts to get
restraining orders against him were denied, but she thereafter

---

[2] The New Hampshire Family Court dismissed Mr. Speight's
parenting petition based on lack of jurisdiction after finding
that Amanda Kaelblein "credibly testified that she and the child
have always been residents of Massachusetts, and that the child
has never resided for six consecutive months in New Hampshire."
The New Hampshire Supreme Court affirmed that decision. Matter
of Speight, No. 2022-0660, 2023 WL 9186065 (N.H. Dec. 26, 2023).

received a harassment prevention order against him "on advice from [Attorney Stephan]." Id. ¶ 5.

Mr. Speight further alleges that Michael Kaelblein told him that if "he split up with his daughter, he would never see his child again . . . ." Id.  ¶ 7. He also asserts that Michael Kaelblein "conspired and funded Amanda Kaelblein's campaign causing emotional and mental abuse on plaintiff/child." Id.  ¶ 8.  As to Nancy Kaelblein, Mr. Speight alleges that she "misrepresented the truth in Derry Family Court on November 15, 2022, supporting her Daughters campaign" and "conspired with Michael Kaelblein, and Amanda Kaelblein to alienate the father from his child." Id. ¶¶ 9-10.

Finally, Mr. Speight alleges that Attorney Stephan "was aware there was an ongoing custody case in New Hampshire and still set a date for a hearing which is against Massachusetts laws," and that Attorney Stephan "had conversations with [Amdanda's] Attorney about New Hampshire continuously exercising jurisdiction over custody and child support." Id. ¶¶ 16- 17. He asserts that Attorney Stephan withheld Speight's New Hampshire parenting petition from Judge Phelan, and  put a full child support order in place to get Mr. Speight's New Hampshire parenting petition dismissed. Id. ¶¶ 18-19.

Mr. Speight's complaint asserts claims of emotional abuse and parental alienation against Amanda Kaelblein, conspiracy

3

against Michael and Nancy Kaelblein, and an unspecific claim against Attorney Stephan that he violated Mr. Speight's constitutional rights.[3]

## Discussion

As previously noted, defendants Michael and Nancy Kaelblein have moved to dismiss (Doc. No. 29).  Among their asserted bases for dismissal is that this court lacks personal jurisdiction over them.  Mr. Speight, perhaps acknowledging the lack of jurisdiction, moved to transfer venue, noting that he had incorrectly believed that personal jurisdiction was premised on the defendants' location within the First Circuit, rather than their contacts with New Hampshire.  See Pltf. Mot. (Doc. No. 45) at 1.  No objections have been filed in response to Mr. Speight's transfer motion, which relies on 28 U.S.C. §§ 1404 and 1631. Pltff. Mem. (Doc. No. 45) at 3.

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" if doing so advances "the convenience of parties and witnesses" and is "in the interest of justice." 28 U.S.C. § 1404(a). The statute "is intended to place discretion in the district court to adjudicate motions for

---

[3] Although Mr. Speight has moved to amend his complaint (Doc. No. 36) his proposed amendments to not alter the substance of his claims.

transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). If, however, the court lacks personal jurisdiction, transfer under section 1404 is "clearly inappropriate." Belmont v. Bower, No. 19-CV-01155-LM, 2020 WL 1290356, at *2 (D.N.H. Mar. 18, 2020) (citing Albion v. YMCA Camp Letts, 171 F.3d 1, 2 (1st Cir. 1999)).

A court that lacks personal jurisdiction over a suit may, nevertheless, transfer the action under 28 U.S.C. § 1631. Fed. Home Loan Bank of Bos. v. Moody's Corp., 821 F.3d 102, 114-19 (1st Cir. 2016), abrogated on other grounds by Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553 (2017). That statute provides that:

> [w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other court ... in which the action ... could have been brought at the time it was filed....

28 U.S.C. § 1631. In light of this authority, the court need not necessarily dismiss a suit outright when it lacks jurisdiction, see, e.g., DeBarros v. Family Practice Grp., P.C., No. CV 19-367WES, 2019 WL 4888638, at *2-3 (D.R.I. Oct. 3, 2019) (instead of dismissing suit outright for lack of personal jurisdiction, court transferred suit under 28 U.S.C. § 1631); Photographic

5

Illustrators Corp. v. A.W. Graham Lumber, LLC, 196 F. Supp. 3d 123, 134 (D. Mass. 2016) (same).[4]

28 U.S.C. § 1631 establishes a "rebuttable presumption in favor of transfer" that is overcome only if the "inquiring court determines that transfer is not in the interest of justice." Fed. Home Loan, 821 F.3d at 119 (internal quotation marks omitted). In assessing whether transfer is in the interest of justice, the court should consider the "totality of the circumstances," including the relative merits of the suit and whether transfer would unfairly benefit the proponent, impose an unwarranted hardship on an objector, or unduly burden the judicial system. Britell v. United States, 318 F.3d 70, 74-75 (1st Cir. 2003).

Although the court makes no specific finding as to personal jurisdiction over the defendants, it is noteworthy that the plaintiff and two of the remaining defendants have suggested that jurisdiction is lacking.[5] Ultimately, though, transfer is

---

[4]A motion to transfer filed by the plaintiff is subject to the same burden as a motion to transfer filed by a defendant. See Coady v. Ashcroft & Gerel, 223 F.3d 1, 11 (1st Cir.2000). Ultimately "[t]ransfer is inappropriate if the effect is merely to shift inconvenience from one party to the other." Butler v. Thompson/Ctr. Arms Co., No. 01-106-JD, 2001 WL 1570949, at *2 (D.N.H. Oct. 31, 2001) (citation omitted)

[5] In addition to noting the potential for lack of personal jurisdiction in his motion to transfer, Mr. Speight has also moved for additional time to properly serve all defendants, which suggests other issues involving personal jurisdiction. (Doc. No. 43).

appropriate under either statute, so an explicit determination regarding personal jurisdiction in this court is unnecessary.

First, this suit "could have been brought" in the District of Massachusetts, as both transfer statutes require. To find that a suit "could have been brought" in another court, this court must assess whether: the transferee court would have subject matter jurisdiction; the other court could exercise personal jurisdiction over defendants; and the other court would be a proper venue. See Colon Perez v. Metan Marine, Inc., No. CV 17-2170CCC, 2018 WL 1664697, at *8 (D.P.R. Apr. 4, 2018).   Mr. Speight is a New Hampshire resident, the defendants are Massachusetts residents, and Mr. Speight seeks in excess of $75,000 in damages, thus satisfying the requirements for diversity jurisdiction.   See 28 U.S.C. § 1332.   Similarly, the defendants' residence in Massachusetts satisfies the requirements to place venue in that District. See 28 U.S.C. § 1391(b)(1). Next, transfer to the District of Massachusetts is likely to increase the convenience of the defendants and witnesses to the defendants' alleged conduct. Finaly, given Mr. Speight's pro se status and the possible lack of personal jurisdiction in this court of at least some of the defendants, "transfer . . . is in the interest of justice because it will provide [Mr. Speight] the opportunity to have his claims resolved on their merits." Belmont v. Bower, No. 19-CV-01155-LM,

2020 WL 1290356, at *3 (D.N.H. Mar. 18, 2020) (citing Skillo v. United States, 68 Fed. Cl. 734, 744 (Fed. Cl. 2005) (reasoning that plaintiffs' pro se status supported finding that transfer was in interest of justice and collecting cases in support of that proposition))).

### Conclusion

Based on the foregoing, plaintiff's motion to transfer (Doc. No. 45) is granted.  The Clerk's office shall transfer this case to the District of Massachusetts.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

September 11, 2024

cc:  Michael S. Speight, III, pro se
     Counsel of Record